IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRIE HOPE, #181215, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RICHARD ALLEN, et al., )<br>)<br>Defendants. ) | CASE NO. 2:07-CV-210-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Larrie Hope ["Hope"], a state inmate, challenges actions taken against him at the Kilby Correctional Facility. In his complaint, Hope seeks issuance of an injunction against the defendants. *Plaintiff's Complaint - Court Doc. No. 1* at 4. The court therefore construes this document to contain a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court ...." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Hope must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Hope outweighs the harm

to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

Hope asserts that he fears retaliation from correctional officials and seeks issuance of an injunction to prevent any further adverse action against him. Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Hope has proven a substantial likelihood of success on the merits. Having thoroughly reviewed

the documents filed by the plaintiff, the court concludes that Hope has failed to carry his burden. Other than his self-serving, conclusory allegations of constitutional violations, Hope presents no proof or objective evidence that the actions about which he complains violated his constitutional rights. Essentially, the court has nothing other than the inmate's mere conclusions of law and unsupported factual allegations in support of his claim that whether the actions of the defendants violate the Constitution.

Hope likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Hope provides no proof or objective evidence in support of his allegations concerning the actions about which he complains. With respect to the third factor, whether issuance of injunctive relief would cause substantial harm to others, this component is basically a neutral factor at this juncture. Finally, the pleadings before the court are devoid of any evidence which indicates that issuance of an injunction would serve the public interest. Thus, Hope fails to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before March 28, 2007 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 15th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE