# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE Middle District OF Alabama
# NORTHERN District

LARRIE Hope # 181215
Plaintiff

V.

RichARD Allen Et.Al.
DEFendants

CASE NO: 2:07-CV-210-MHT

2007 APR 16 A 9:50

## Motion To Amended And Supplemental Complaint

Come now THE Plaintiff, LARRIE Hope, Pursuant TO Federal Rule OF Civil Procedure 15(A), which Allows Plaintiff's TO Amend make Changes TO) OR supplement And Add new information To THEIR Complaint, In Support OF This motion, Plaintiff states:

## Statement OF Facts

(1.) Classification specialist Ms Baggett, Kilby Correctional Facility is Added To This Complaint, due To her neglect of Following THE Rules And regulations OF THE Classification manual. Ms Baggett has negligently disRegarded THE Plaintiff's states of being in Admistrative Segregation And has showed delibrate indifference And ignored All THE Plaintiff's requests inquiring About him continuously being held in Admin Segregation since 2003 over Four Years Ago.

(2.) On October 27, 2005 Plaintiff was transferred from Holman Correctional Facility to Kilby Correctional Facility to be transported to Federal Court in Jefferson County for the "Hitching Post" Trial. On November 7, 2005 the final disposition in the "Hitching Post" case was decided by Judge Karon Bowdre.

(3) Classification Specialist Ms Baggett has told Plaintiff since November 7, 2005, Plaintiff is to return to Holman; Plaintiff has explain to Ms Baggett on numerous of occasions about the enemy in Holman population and requested to be released into Kilby population or to be sent to any facility. The Plaintiff contend to Ms Baggett that he has been in Admin Segregation for an enormous and abnormal amount of time and that a transfer should be considered for him.

(4) Classification Specialist Ms Baggett has refused to release Plaintiff into Kilby population and has refused to transfer Plaintiff to a facility, but instead she has place enemy in population on Plaintiff's card and cell door in justification to holding Plaintiff in segregation. Plaintiff contends that it is harassment and cruel and unusual punishment to not release the Plaintiff. Plaintiff has no enemy in Kilby population and if the Plaintiff did have an enemy - Ms Baggett has done nothing to address the issue. Ms Baggett has not informed the Plaintiff of who his enemy is, nor has she tried to get the two (2) together to sign a peace agreement, nor has she considered a transfer for the Plaintiff. Ms Baggett has shown deliberate indifference by ignoring the Plaintiff's

desire and efforts to address the matter and has allowed him to continuously remain in Admin Segregation.

(5.) Plaintiff futher states that he arrived at Kilby from Holman in October 2005 with a Fifteen (15) months clear record, Plaintiff has been written at least seven or eight fabricated and bogus infractions since being here at Kilby, Plaintiff futher states that he remain in Admin Segregation and has not been reclassed or even considered for change. The Plaintiff is <u>not</u> serving any disciplinary segregation time as punishment.

(6.) Plaintiff has made repeated request to Ms Baggett and to Warden Rowell in regard to being transferred and have explained to Ms Baggett, Captain Barrett and Warden Rowell that Plaintiff had been place on the release list at Holman, but due to Plaintiff informing Warden Grant Culliver of an enemy in Holman population, Mr Culliver refused to release Plaintiff, but made Plaintiff aware that Plaintiff name had been place on the transfer list, And while waiting to be transferred - the "Hitching Post Trial came up And the Plaintiff has been forced to live in Kilby Admin Segregation Unit since the "Hitching Post Trial And that Trial is a reason for the punishment imposed on Plaintiff;

(7.) Plaintiff remains in segregation here at Kilby confined to a single cell twenty three (23) hours a day, having only 45 minutes out each day, with handcuffs and shackles, Plaintiff

is not in disciplinary segregation, Plaintiff has been in Admin segregation since April of 2005 and has been in segregation since October 2003 - Allowed only two shower every other day.

(8) Plaintiff started out in disciplinary segregation at the St. Clair Correctional Facility for an incident in October 2003. Since then, Plaintiff has work his way back down to Admin status, After being in Maxium Custody for the incident at St. Clair And he is still being held in segregation - without just cause.

This Plaintiff has exerted all administrative remedies to get this matter addressed so he can possibly be returned to population. Letters to Warden Rowell and several letters to Prison Commissoner Richard Allen have all been ignored and have not received a response. This Plaintiff was the Lone Plaintiff to refuse to settle in the historic and landmark Hitching Post case. It is evident that this Plaintiff is being unfairly treated, ignored and purposefully punished for his decision and Act to take the "Hitching Post" case to the U.S. Supreme Court And the "Hitching Post" was banned.

WHEREFORE, based upon these facts and circumstances presented and considered, This Plaintiff prays that this Court will:

<u>Relief Requested</u>

(A) Grant motion to Amend Ms. Baggett, Classification Specialist At Kilby Correctional Facility as a defendant in her individual And Official Capacities, And that damages of $500,000.00 Compensatory And Punitive be Awarded.

(B) That this Court will order (D.O.C.) Officials to remove the Plaintiff out of Admin Segregation into the general Population And or Transfer the Plaintiff to Another Facility not in Segregation.

(C) And Order Any Additional Relief As This Court may deem Just And Fair.

Done This 12 Day of April 2007

Respectfully Submitted By:

Larrie Hope #181215
P.O. Box 150
Mt. Meigs, Alabama 36057

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing have been served on the following:

c/o: The Clerk:
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

And

Andrew W. Reed Esq.
Kim Thomas Esq.
Albert Butler Esq.
Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama 36130

By placing copy in the US Mail Postage Pre Paid on this 12 day of April 2007

Respectfully Submitted
Lurrie Hope
P.O. Box 150
Mt. Meigs, Alabama 36057



MONTGOMERY AL 361

13 APR 2007 PM 4 T

"...correspondence is forwarded
from an Alabama State inmate. The contents
have not been evaluated, and the Alabama
Department of Corrections is not responsible
for the substance or content of the enclosed
communication."

Labbie Hope #181215-L-6-1A
P.O. Box 150
Mt. Meigs, Alabama 36057

Office of the Clerk:
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711