IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LARRIE HOPE** | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: 2:07-CV-210-T |
| **RICHARD ALLEN, ET AL.** | ) |
| | ) |
| Defendant(s). | ) |
| | ) |
| | ) |

### RESPONSE TO DISCOVERY REQUESTS

COME NOW the Defendants, **Allen, Rowell, Barrett, Bolling, Clay, Barber, Pettaway, Dinkins, Smith, and Baggett**, by and through undersigned counsel, and in accordance with this Honorable Court's Order, answer the Plaintiff's discovery requests as follows:

Defendants object to providing discovery based on qualified immunity asserted in their Special Report. Based on the affidavits submitted by Defendants, it is clear that the Defendants were acting in their discretionary authority when the alleged wrongful acts occurred. "Once the affirmative defense of qualified immunity is asserted, '[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.' *Id.* [*Marsh v Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001)] (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985))." *Nichols v Maynard*, 204 F.Ed.Appx. 826, 828 (11th Cir. 2006) Without waiving that the

1

issue of qualified immunity should be addressed prior to commencement of discovery, Defendants provide the following information concerning the requested documents:

    4.    Plaintiff request following documents: (sic)

    (A)    Administrative rules and regulations for segregation of Alabama Department of Corrections.

**RESPONSE: These administrative regulations are available in the inmate law library. Inmates in segregation, including Hope, can check out these regulations from the inmate law library to review.**

    (B)    Disciplinary segregation rules and regulations.

**RESPONSE: The administrative regulations on disciplinary segregation are available in the inmate law library. Inmates in segregation, including Hope, can check out these regulations from the inmate law library to review.**

    (C)    Standard operation procedures #208 – standard of conduct of officers.

**RESPONSE: Objection based on relevancy. This policy addresses conduct of officers and would not lead to any relevant evidence concerning whether the amount of force used against inmate Hope violated the Constitution.**

    (D)    Use of force regulation of officers.

**RESPONSE: Objection based on relevancy and security reasons. This policy addresses actions that should be taken by correctional officers, including during volatile situations, and to provide this policy to an inmate could jeopardize security.**

(E)     Classification Manual – September 1, 2006.

**RESPONSE: This manual is available in the inmate law library. Inmates in segregation, including Hope, can check out this manual from the inmate law library to review.**

Respectfully submitted,

TROY KING
Attorney General

/s/ *Ellen Leonard*
Ellen Leonard (LEO008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 353-8699
(334) 242-2433 - fax

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 12th day of June, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Larry Hope, AIS 181215
Kilby Correctional Facility
P. O. Box 150
Mt Meigs, AL 36057

/s/ *Ellen Leonard*
Ellen Leonard
Assistant Attorney General

3