IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 OCT 11  A 10: 14

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT A

Larrie Hope,
Plaintiff,

*

Vs.

Case No: 2:07-CV-210-T

Richard Allen, et al.,
Defendant(s).                    *


PLAINTIFF'S ANSWER TO DEFENDANTS
ANSWER AND SPECIAL REPORT


Comes now the plaintiff, Larrie Hope, Pro-se, in the above action, and hereby submits his answer to the Defendants Answer and Special Report, as follows:


Plaintiff's Contention:

Plaintiff's allege that the named Defendant's herein violated his Rights Guaranteed by the First, Eight and Fourteenth Amendments, to the United States Constitution, when the Defendant's used unwarranted excessive force against the plaintiff in retaliation for plaintiff exercising his First Amendment Rights.

On July 6, 2006 plaintiff was inmate housed at Kilby Correctional facility in the Segregation Unit of the Prison.

Plaintiff was transferred to Kilby Correctional Facility from
Holman Prison on October 27, 2005 for the purpose of a scheduled
appearance before the United States District Court for the
Northern District of Alabama, in which plaintiff appeared before
the Court on November 7, 2005.

On July 6, 2006 plaintiff was handcuffed and escorted to the
shower by Defendant Pettaway and Barber. While in the shower,
plaintiff was conversating with another inmate about what occur-
red, during his court appearance in the Northern District of
Alabama, as plaintiff was talking, Defendant Pettaway walked up
and told plaintiff to stop talking and get his "Mother-Fucker"
ass out of the shower. Plaintiff responded "I'll stop," but you
don't have to talk to me like that, you know you are violating
standard operating procedures of officers."

Defendant Pettaway responded that since "you know the "fuck-
ing" Rules so well shut the "fuck" up and get your ass out of the
shower and I am going to show your ass something.

Defendant Pettaway then ordered the cubicle officer to turn
the shower off, and Defendant Pettaway and Defendant Barber hand-
cuffed the plaintiff and beginned to escort the plaintiff back
to his cell.

As plaintiff was going back to his cell Defendant Pettaway grabbed plaintiff from behind and choked plaintiff to the floor and started punching plaintiff in the face, head and side of his stomach and Defendant Barber started kicking the plaintiff while plaintiff was being punched by Defendant Pettaway. Defendant Pettaway then took a belt and placed around plaintiff's neck as plaintiff laid handcuffed on the floor, and stated:

> "You got away with your hitch-
> ing, post case, but I'll hang your
> "ass" and get away with here at
> Kilby and my Boss [warden Rowell]
> will back my play."

While this was going on, Defendant Terius Dennis just stood by and watched and did not intervene to stop the Defendant's from violating my rights.

Defendant Rowell, Bolling, Clay and Smith arrived at the seen, while the plaintiff was laying on the floor in pain and covered in blood.

## Defendants Contention:

Defendants denies that they have violated the plaintiff's Constitutional Rights and asserts defenses of Eleventh Amendment and qualified immunity's, as well as respondent superior.

Further the Defendants asserts a different version of the in-
cident that occurred on July 6, 2006 that tends to dispute the
plaintiff's version.

Defendants alleged that on July 6, 2006 Defendant Pettaway was
assigned as the Officer on C and D Blocks in the Segregation Unit
at Kilby Correctional Facility and Defendant Barber was the Rover
of the Unit.

That while plaintiff was in the shower, Defendant Pettaway
heard loud yelling coming from the shower and went to the area,
and asked plaintiff to keep the noise down, and that plaintiff
refuse and begin to make threats of killing Officer Pettaway.

Defendant Pettaway with Defendant Barber's assistant began
escorting plaintiff back to his cell and while in route, plain-
tiff, turned toward Defendant Pettaway with a clutched fist and
swung at Officer Pettaway's face at the time a struggle ensued
with Defendant's Pettaway and Barber on top of plaintiff to bring
him under control, that the plaintiff was kicking at the Officer
and attempting to bite them.

Later Defendant Dinkins arrived and was told to go get a set
of handcuffs. The plaintiff was handcuffed and picked up off the
floor.

Defendants Bolling, Clay, Smith and Rowell entered the area immediately after the incident occurred and alleged that plaintiff, was still cursing loudly and threatening to kill Defendant, Pettaway.

Plaintiff was bleeding from the nose and mouth. And was taken to the Prison Infirmary for treatment.

PLAINTIFF'S ARGUMENTS IN OPPOSITION
TO DEFENDANT'S ANSWER AND SPECIAL
REPORT

As the defendants acknowledge, summary judgment may be granted only of there are no genuine issues of material facts and the movant od entitled to judgment as a matter of law. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. Celotex Corp. Vs. Catrett, 477 U.S. 317 (1986):

> The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. Id.

Initially, plaintiff avers that the defendants have fail to meet its initial burden to establish a prima facie entitlement to summary judgment by showing the absence of genuine issues.

In fact, the defendants version of the facts are at odds with the plaintiff's, and based on the pleadings and evidence of record, there are genuine issues in dispute and the defendants are not entitled to judgment as a matter of law.

While the defendants have collaborated and asserted that the force used against the plaintiff was based on plaintiff's own actions in clutching his fist and attempting to swing at Defendant, Pettaway.

There are serious loopholes in the defendant's version of the incident. The major flaws is the handcuffs, and the injuries plaintiff received from the incident.

First Administrative Regulation No. 433 requires "when the inmate is removed from an administrative segregation cell for any reason less otherwise directed by the Warden." (See Section IV C.5)

Further, Administrative Regulation No. 434, requires:

> "Any time inmates are moved from their cells,
> they will be handcuffed behind their back and
> escorted by two (2) Correctional Officers."

(See Admin. Reg. #434 Sec. V. II)

Plaintiff avers based on these procedure requirements, it would be impossible for plaintiff to clench his fist and swing at Defendant Pettaway's face while handcuffed behind his back. Moreover, why would the defendants after wrestling the plaintiff, to the floor and kicking and beating him ask for a set of handcuffed, where plaintiff is already handcuffed behind his back. Even assuming arguendo that the plaintiff was not handcuffed, it would seem incredible that two officers, who was assigned to the segregation unit, would not have a set of handcuffed on them, especially when they are showing inmates, requiring that the inmates be escorted from their cells to the shower.

Further, the medical report of the incident contradicts the defendants version and supports the plaintiff's version that he was kicked and beaten by the defendants. Surely, the plaintiff, could not have received injuries to his eyes, nose, head, face and neck, if all the defendants did was got on top of the plaintiff "trying to bring him under control."

Plaintiff contends that the Eight Amendment prohibits the infliction, of cruel and unusal punishment displayed by the defendants in the instant case, as the force used was maliciously and sadistically inflicted for the very purpose of causing harm to the plaintiff. See Hudson Vs. McMillian, 503 US 1 (1992), and Defendant Dinkins failure to intervene and protect plaintiff from the assault. Accordingly, defendants are not entitled to summary judgment on plaintiff's excessive force claims.

<u>RETALIATION CLAIMS</u>:

Defendants asserts that plaintiff has failed to show a causal connection between his activities at Limestone and the Northern District of Alabama and the actions of these Correctional Officers at Kilby Correctional Facility.

The only evidence the defendant asserts in support of its defense, is the length of time between the lawsuit and the force incident. However, plaintiff asserts that his very purpose for being at Kilby was to attend a Court Appearance and that inspite of the length of time between the lawsuit and the incident. <u>Hope Vs. Pelzer</u>, 536 US 730 (2002), is a well known case among prisoner and prison officials.

At the time of the incident, plaintiff was discussing the case and other legal matters with another inmate, and when the defendants, Pettaway and Barber over-heard the conversation, they intervened, and in attempt to make the plaintiff stop discussing the case, told the plaintiff to shut up.

It is undisputed that plaintiff Larrie Hope, is known by the defendants as the lead inmate in the well known "Litching Post" case.

The defendants heard the plaintiff discuss the case and other legal matters with another prisoner, and used force against plain-

tiff, in retaliation for plaintiff exposing the crual and unusual
punishment exhibited by the Alabama Prison Officials in Hope.

Therefore, the defendants are not entitled to summary judgment
on the retaliation claim. See farrow Vs. West 320 F.3d 1235, 1248
(11th. Cir. 2003) (Quoting Wildberger Vs. Brackenell, 869 F.2d 1467
(11th. Cir. 1989).

RESPONDENT SUPERIOR:

Defendant Allen, Rowell, Barrett, Bolling and Clay, asserts
that plaintiff fail to state a cause of action under §1983 that
plaintiff is attempting to hold them responsible under the concept
of respondeat superior. See Movell Vs. Department of Social Ser-
vices of City of New York, 436 US 658 (1978).

Plaintiff avers that the above defendant all arrived on the
scene of the incident and witness the physical abuse of the plain-
tiff, by defendants Pattaway and Barber, and these defendants being
supervisor fail to discipline the officers.

Moreover, the defendants knew or should have known that Defen-
dantss, Pettaway and Berber would be assaulative toward plaintiff
and other prisoners based on the history of the defendants and other
officers at Kilby. Moreover, the superior defendants failure to
properly train defendants Pettaway, Barber and Dinkins in iccor-
dance, with the regulation governing segregation prisoners, specc-

fically to handcuff them going to and from their cell is a direct cause of the Plaintiff suffering the injuries that he did.

Therefore, contrary to the Defendants assertion, the Defendants are liable under §1983 for their conduct in violating the Plaintiff's clearly established Constitutional Rights.

IMMUNITY

The Defendants are all state actors, acting under the color of state law, and knew or should have known that Beating and Kicking The Plaintiff in Retaliation for Plaintiff exercising his First Amendment Rights. would violate plaintiff's clearly established constitutional Rights.

CONCLUSION

Based on the foregoing, The Defendants should be held liable for violating Plaintiffs clearly Established Constitutional Rights guaranteed under The 1,8, and 14th Amendment to The U.S. COnstitution, Therefore, this court should set this cause for Trial.

Respectfully Submitted,

X _Larrie Hope_

Larrie Hope
AIS# 181215
Holman Unit 3700
Atmore, Al. 36503-3700

(11)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 6th day of October, 2007.
Served a copy of the foregoing on counsel for Defendants, by
placing a copy of the same in the Prison Internal Mailing System
for mailing, Postage Prepaid and Properly Addressed as follows:

Ellen Leonard
Assistant Attorney General
11 South Union St
Montgomery, Al. 36130

X _Larrie Hope_
   Larrie Hope

RECEIVED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

2007 OCT 11 A 10: 14

**NORTHERN DIVISION**
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

LARRIE HOPE                                    **CASE NO.**

        **PLAINTIFF,**                         **2:07-CV-210-T**

VS.

**RICHARD ALLEN, et al,**

        **DEFENDANTS.**

### AFFIDAVIT OF LARRIE HOPE

    Before me the undersigned, a Notary Public in and for said County and State of Alabama at Large, personally appeared Larrie Hope, who being known to me, after being duly sworn, says as follows:

    My name is Larry Hope Ais #181215, and I am the Plaintiff in the above styled action. I am over 21 years old ; competent, and have personal knowledge of the matters stated herein.

    On July 6, 2006 I was housed in the Segregation Unit of Kilby Correctional Facility, I was there due to me being transferred from Holman to attend Federal Court.

    On this day I was handcuffed by officer Pettaway and Barber and escorted to the shower,

While in the shower, I was conversating with other inmates about my lawsuits I had filed regarding the hitching post case, and what transpired at my court appearance, as I was talking Defendant Pettaway came and told me to shut my mouth, and get my " mother-fucking " ass out of the shower. I responded that I would stop talking, but you don't have to talk to me that way.

Defendant Pettaway stated that since I know the rules so well, shut up and get out of the shower and I am going to show your ass something.

Pettaway told the cubicle office to turn the shower off, and Pettaway and Barber handcuffed me behind my back, and beginned to escort me back to my cell, on the way Pettaway grabbed me from behind and started punching me in my face, head and stomach with his fist while Defendant Barber was kicking me in my side. While this was going on officer Terius Dinkins just stood there and watched me being assaulted.

Defendant Pettaway then took a belt and placed around my neck as I laid on the floor in pain.

Defendants, Bolling, Clay, Smith and Rowell entered the scene and witnessed the assaultive behavior of Pettaway and Barber and did not say a word to them.

I did not do anything to deserve the beating that I received, The Defendants sole reason for assaulting me was because of the lawsuits I have filed against the Department of Corrections and was discussing them with other inmates.

I swear that the foregoing is true and correct to the best of my knowledge and belief.

_Larrie Hope_
Larrie Hope

SWORN TO AND SUBSCRIBED BEFORE ME THIS _12_ DAY OF OCTOBER 2007.

_Clene Williams_
NOTARY PUBLIC

_7/17/08_
MY COMMISSION EXPIRES

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

*KCf*

## EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY | | |
|---|---|---|---|---|
| 07 / 06 / 06 | 502 ☐ AM ☑ PM | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ ___ | ☐ SICK CALL ☑ EMERGENCY ☐ OUTPATIENT | |

ALLERGIES: NKDA

CONDITION ON ADMISSION: ☐ GOOD ☑ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 98.4 ORAL/RECTAL    RESP. 24    PULSE 112    B/P 146/100    RECHECK IF SYSTOLIC <100> 50 ___/___

**NATURE OF INJURY OR ILLNESS**

Body chart Per Doc

Altercation

ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE Z/Z | LACERATION / SUTURES

Red eye    Red eyes    cuts + bruises
Abrasion
Scratch
Bruises

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

Inmate escorted to WU by Officers - face Bloody, Scratches (multiple) on (L) side of face, eyes (both) red. - Very hostile + angry. Abrasion on Both sides of chest bruise on (L) lower chin — nose bleeding - controlled c̄ pressure - habit. indentation noted on (L) side of nose - Scratches + cuts noted on top of head — Abrasion on (R) side of Back - c/o slight headache. Released back to DOC —

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| Areas cleaned c̄ N/S | | |
| P Tylenol 500mg pō | | |
| Now for headache. | | |

DIAGNOSIS: Altercation

INSTRUCTIONS TO PATIENT

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | | CONDITION ON DISCHARGE | |
|---|---|---|---|---|---|
| 7 / 6 / 06 | 5¹⁵ ☐ AM ☑ PM | ☑ DOC ☐ AMBULANCE | | ☐ SATISFACTORY ☐ POOR ☑ FAIR ☐ CRITICAL | |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| Detta Dunster RN | 7/6/06 | (P) 7/10/06 | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|---|
| Holt, Larry | | 181215 | 7/5/56 | B/M | Kilby |

PHS-MD-70007    (White – Record Copy, Yellow – Pharmacy Copy)

Nursing Evaluation Tool:                          General Sickcall

Facility: KCF
Patient Name: Hope, Larrie
Inmate Number: 181215
Date of Report: 7-10-06          Date of Birth: 7 5 56
                                 Time Seen: 600 AM/PM Circle One

Subjective: Chief Complaint(s): Massive head pain, can't see out
Onset: of Lt eye X 4 days ago.
Brief History: 50 y/o Bm c ∅ significant medical
(Continue on back if necessary) Hx.

Objective: Vital Signs: (As Indicated) T:___ P:___ RR:___ B/P:___
Examination Findings: A+O x3 Resp reg c ease. NAD.
(Continue on back if necessary)

Assessment (Referral Status) Preliminary Determination(s): Alt in Comfort
☐ Referral NOT REQUIRED                                  R/T above
☑ Referral REQUIRED due to the following: (Check all that apply)
    ☐ Recurrent Complaint (more than 3 visits for the same complaint)
    ☑ Other: HA's, can't see out of Lt eye

Comment: You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient, or the nature of the appropriate care to be given.
Plan: Check All That Apply:
    ☐ Instructions to return if condition worsens.
    ☐ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they should do as well as appropriate follow-up. ☐ YES ☐ NO (If NO then schedule patient for appropriate follow-up visits)
    ☐ Other:
OTC Medications given ☑ NO ☐ YES (If Yes List): ___
Referral: ☐ NO ☑ YES (If Yes, Whom/Where): B. ADAMS CRNP
Referral Type: ☐ Routine ☐ Urgent ☐ Emergent (if emergent who was contacted?) ___ Date for referral: / /
                                                                                Time ___

x _____ RN          Name: Lorraine Graves
    Nurse's Signature              Print















The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address. The Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

LARRIE HOPE
#181215-B1
JUDY 13500
MORRI,
36503-3500