IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRIE HOPE, #181215,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CASE NO. 2:07-CV-210-MHT |
| ) | [WO] |
| ) | |
| RICHARD ALLEN, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

One of the claims presented by the plaintiff in the complaint, as amended, challenges the constitutionality of his classification level while confined at the Kilby Correctional Facility. In the Recommendation entered on May 22, 2009 (Court Doc. No. 45), the court addressed the classification claim as follows:

> To the extent that Hope complains that the classification level assigned to him while at Kilby was improper due to defendant Baggett's failure to follow the procedure outlined in administrative regulations, he is entitled to no relief. An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because Hope has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process. Thus, the classification decision about which Hope complains is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

*Recommendation of the Magistrate Judge - Court Doc. No. 45* at 16-17. However, the conclusion of the Recommendation omitted reference to the classification claim and

defendant Baggett. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

    1. The plaintiff's claim challenging the classification level assigned to him during his confinement at the Kilby Correctional Facility be DISMISSED with prejudice.

    2. The motion for summary judgment filed on behalf of defendant Angie Baggett be GRANTED.

    It is further

ORDERED that on or before June 29, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close

of business on September 30, 1981.

Done, this 16th day of June, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE